## HANNAH W. CORLIES

*v.*

## ABNER ALLEN et al., executors, et al.

A testator gave the interest on $10,000 to his daughter Elizabeth, without qualification, and after her death the interest on $12,000 to his daughter Hannah, also without qualification. He then gave the residue of his estate to his executors in trust, for the use and benefit of Hannah for life, the interest to be paid to her "as she may need or require;" and after Hannah's death bequeathed that residue, "with whatever may have accumulated therefrom," to certain beneficiaries. Hannah is of weak mind.—*Held*, that she is entitled to only so much of the interest on the residuary fund as the executors may deem reasonably necessary, according to her station and situation in life.

Bill for relief. On final hearing on bill and answer of executors.

*Mr. W. H. Vredenburgh,* for complainant.

*Mr. R. Allen, Jr.,* for executors.

THE CHANCELLOR.

George A. Corlies, deceased, by his will gave and bequeathed to his executors, or the survivor of them, in trust, for the use

and benefit of his daughter Hannah (the complainant), during her natural life, the interest to be derived from the whole residue of his estate of every character whatever, consisting of mortgages, bonds, notes and all other securities; said residue to be kept at interest by his executors, or the survivor of them, and the same, or parts of the same, paid to her "as she may need or require;" and after her death gave and bequeathed that residue, with "whatever may have accumulated therefrom," to certain persons whom he named. The hearing is on the bill and answer of the executors, and the only question submitted is whether the complainant is entitled to the whole of the interest of the residuary estate or only to so much thereof as, in the discretion of the executors, she may need for her comfortable support, according to her condition in life. The executors, according to their answer, have not paid to the complainant the whole of the interest, but, as they allege, have paid her, from time to time, since the testator's death, such sums of money as were necessary for her support, according to her condition in life, and amply sufficient to maintain her without any work on her part, and they allege in the answer that she is physically strong but mentally weak. The testator clearly used the word "require" as being substantially equivalent to the antecedent word "need," with which it is associated. It is as if he had said, "as she may need or her necessities require." In view of the admitted fact that the complainant is of weak mind, it is obvious that he did not use the word in the sense in which it was used in the will which was under consideration in *Lippincott* v. *Ridgway, 3 Stock. 526,* where the trust was to pay the interest to the testator's daughter, and so much of the principal as she, from time to time, by writing under her hand and attested by two credible witnesses, should require of the trustees. There the word was used in the sense of "demand." The gift of the whole of the interest to the daughter was absolute, and the gift of the principal conditioned only on her calling for or "requiring" it with certain formalities. Here the gift is not of the whole of the interest absolutely, but of the whole or such parts of it as she may need or require. Whether she is to re-

Corlies *v.* Allen.

ceive the whole or only part is dependent upon her wants, and the executors are, in their discretion, to determine whether her necessities require the whole or only part, and in the absence of *mala fides* on their part, this court will not interfere with the exercise of their discretion. That such was the testator's intention is further shown by the implied direction to accumulate the interest in the gift of the remainder in the residuary estate. At her death, the whole of the residue, " with whatever may have accumulated " thereon, is to go to the children of certain persons whom he names. It is true that in *Lippincott* v. *Ridgway,* the court held that a provision that the " accumulated interest " go, with so much of the fund as should remain undisposed of at the death of the life-tenant of the fund, to her children, was not evidence of an intention on the part of the testatrix to qualify the previous absolute gift of the interest to the tenant for life, but had reference merely to the interest which might accrue after the death of the life-tenant. In that case, however, the gift of the interest to the tenant for life was absolute. The direction was to pay her all the interest, as it should become due, so long as she should live. Here the gift to the complainant is not of the whole of the interest absolutely, but of the whole or only such parts of it as she may need or require. Further, the testator, in the previous part of the will, makes provision by trusts to pay interest to his other daughter, Elizabeth, and the complainant also, and in one of them (in favor of the former) directs that the interest of a fund of $10,000 be paid (without qualification) to the beneficiary for life, on her receipt, and in the latter (in favor of the complainant) makes provision for the payment to the complainant, after her sister's death, of the interest (also without qualification) on $12,000, and in like manner of the interest on $3,000 also, in addition, for life. The fact that in these bequests the gifts are absolute in terms is evidence that he intended to qualify the gift in the residuary clause by the language he used, that is, that he used the language intelligently.